18-1139-cv
*Noel v. Wal-Mart Stores, East LP*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand nineteen.

PRESENT:
        PETER W. HALL,
        GERARD E. LYNCH,
          *Circuit Judges*,
        PAUL G. GARDEPHE,*
          *District Judge.*

---

WILLIAM D. NOEL,

        *Plaintiff-Appellant,*

      v.                                       No. 18-1139-cv

WAL-MART STORES, EAST LP,

        *Defendant-Appellee,*

WAL-MART STORES, INC.,

        *Defendant.*

Appearing for *Plaintiff-Appellant*:        CRAIG WEATHERLY, Burlington, VT.

---

* Judge Paul G. Gardephe, of the United States District Court for the Southern District of New York, sitting by designation.

1

Appearing for *Defendant-Appellee*:    MELINDA J. CATERINE, Littler Mendelson, P.C., Portland, ME.

Appeal from a judgment of the United States District Court for the District of Vermont (Sessions, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on March 20, 2018, is **AFFIRMED** in part and **VACATED** in part and the case is **REMANDED** for further proceedings.

Plaintiff-Appellant William D. Noel appeals from the judgment of the district court dismissing his amended complaint for failure to state a claim. Noel was formerly employed by Defendant-Appellee Wal-Mart Stores, East LP ("Walmart") as a pharmacist manager. In April 2016, Walmart announced that, beginning on April 16, 2016, all new pharmacy employees would be required to be certified to administer immunizations and all incumbents would be required to be so certified by October 16, 2016 (the "April Announcement").

Noel, who suffers from trypanophobia (or needle phobia), sought an "exemption from this alteration of his job description," J. App. 8, under the Vermont Fair Employment Practices Act ("VFEPA"), Vt. Stat. Ann. tit. 21, §§ 495 *et seq.* On July 19, 2016, he received a letter informing him that his request had been granted (the "July Letter"). Specifically, Noel asserted that the July Letter indicated that he had been "granted the accommodation . . . requested, without qualification or condition," that he "was capable of performing the essential functions of his position, and that

[Walmart] was reasonably accommodating his disability." J. App. 8–9. The July Letter also provided that the approval of Noel's accommodation was subject to further review under certain conditions subsequent, including a change in his job description. According to Noel, however, his job description was not altered at any time following his receipt of the July Letter.

Nonetheless, in October 2016, a Walmart representative informed him that he would have to obtain certification to continue his job, which Noel declined to do. Noel claims that he was constructively discharged at this time. He then brought this lawsuit asserting wrongful discharge under the VFEPA as well as common-law claims sounding in breach of contract. The district court dismissed for failure to state a claim, concluding that Noel failed to allege that he could perform the essential functions of his job and that the July Letter was insufficient to support his breach claims. This appeal follows. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* the grant of a Rule 12(b)(6) motion to dismiss for failure to state a claim, accepting all factual allegations as true and drawing all reasonable inferences in favor of the plaintiff." *Trs. of Upstate N.Y. Eng'rs Pension Fund v. Ivy Asset Mgmt.*, 843 F.3d 561, 566 (2d Cir. 2016). To survive a 12(b)(6) motion, the complaint must contain sufficient factual matter, accepted as true, plausibly to give rise to an entitlement to relief. *Crawford v. Cuomo*, 796 F.3d 252, 256 (2d Cir. 2015). Although a complaint "does not need detailed factual allegations," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Rule 8 of the Federal Rules of Civil Procedure

3

"demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Documents outside of the pleadings are not generally considered in the context of a motion to dismiss. *Chamber v. Time Warner, Inc.*, 282 F.3d 147, 152–53 (2d Cir. 2002). However, "[a] complaint is also deemed to include any written instrument attached to it as an exhibit, materials incorporated in it by reference, and documents that, although not incorporated by reference, are 'integral' to the complaint." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (alteration omitted) (quoting *Sira v. Morton*, 380 F.3d 57, 67 (2d Cir. 2004)).

The district court concluded, based in part on the April Announcement and a November 2016 description of Noel's former job (the "November Job Description"), that administering immunizations was an essential function of Noel's job. In doing so, the district court discounted the July Letter, in which Walmart stated that administering immunizations was not an essential job function; according to the court, the letter stated "a mere conditional exemption, explicitly subject to revision at any time." J. App. 39–40. On appeal, Noel principally challenges this conclusion.

When considering whether a job function is "essential," "this Court considers 'the employer's judgment, written job descriptions, the amount of time spent on the job performing the function, the mention of the function in a collective bargaining agreement, the work experience of past employees in the position, and the work experience of current employees in similar positions.'" *Stevens v. Rite Aid Corp.*, 851 F.3d 224, 229 (2d Cir. 2017) (quoting *McMillan v. City of New York*, 711 F.3d 120,

4

126 (2d Cir. 2013)). Although a court "must give considerable deference to an employer's judgment regarding what functions are essential for a service in a particular position," *id.* (quoting *Shannon v. N.Y.C. Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003), "no one listed factor will be dispositive," *id.* (quoting *Stone v. City of Mount Vernon*, 118 F.3d 92, 97 (2d Cir. 1997). As Noel repeatedly stresses, "[c]ourts must conduct 'a fact-specific inquiry into both the employer's description of a job and how the job is actually performed in practice.'" *Id.* (quoting *McMillan*, 711 F.3d at 126).

In *Stevens*, this Court tackled the claims of another trypanophobic pharmacist. There, Stevens had asserted nearly identical claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, stemming from Rite Aid's plan to implement a policy requiring pharmacists to administer immunization injections. *Stevens*, 851 F.3d at 226–27. After being informed of the policy, Stevens sought an exemption from the policy as a reasonable accommodation under the ADA and submitted medical evidence supporting his condition. *Id.* at 227. Rite Aid responded that the ADA did not cover trypanophobia, that Rite Aid would not accommodate Stevens, and that he would lose his job if he did not acquire the requisite certification. *Id.* at 227–28. When Stevens declined to get the certification, Rite Aid fired him for being unable to perform an essential function of his job. *Id.*

Stevens's case went to trial, and we summarized the relevant evidence as follows:

5

- Rite Aid personnel testified that it had made a business decision to require all pharmacists to administer immunizations so that customers could receive immunizations any time the pharmacy was open.
- Rite Aid revised its job description to require certification and to include immunization in the list of "essential duties and responsibilities."
- Another pharmacist was fired for not complying with the certification program.

*Id.* at 228–29. We concluded from this evidence, and Stevens's lack of contradictory evidence, that "his inability to perform an essential function of his job as a pharmacist is the only reasonable conclusion that could be drawn from the evidence." *Id.* at 230.

Here, Noel's allegations, accepted as true, and the documents submitted by Walmart demonstrate the following:

- The April Announcement stated that Walmart intended the certification program to ensure that customers could receive "year-round immunization services" "no matter which store they visit[ed]." J. App. 13.
- The April Announcement referred to the certification program as a "minimum qualification," and the November Job Description listed immunizations as an essential function of the job. *Id.* 13, 17–20.
- The July Letter stated that administering immunizations was "not considered to be an essential function of [Noel's] position," and Noel alleged that no change in his job description occurred after his receipt of this letter. *Id.* 9, 17.

Although the first finding in *Stevens* mirrors the evidence supporting Walmart's position in this case, the second *Stevens* finding differs significantly from Noel's allegation here, especially in light of the third factor highlighted in this case.[1] In *Stevens*, it was undisputed that Rite Aid changed the job description for pharmacists to include immunizations as an essential duty of the position. Here, however, Noel specifically alleges that his job description had *not* yet changed as of

---

[1] Noel does not argue that Walmart's failure to identify another pharmacist for refusing certification (the third factor highlighted in *Stevens*) distinguishes this case from that one.

6

the time of his constructive discharge, and Walmart's July letter—which grants him an accommodation on the ground that administering injections was not an essential function of the job—tends to support that allegation. The question then becomes whether the district court was correct when it held that, even taking the factual allegations of the complaint as true, administering injections was an essential function of Noel's job.

We conclude that it was not. First, the court relied in its analysis on the November Job Description provided by Walmart in its motion-to-dismiss papers. But this document, which postdated Noel's alleged constructive discharge, was neither referenced in nor relied upon by the complaint and should therefore not have been considered on a motion to dismiss.[2] Second, the district court relied on a copy of the April Announcement, also provided by Walmart. This document, which was incorporated by reference in the complaint, adds some weight to Walmart's argument that administering immunizations was an essential function of Noel's job, at least as of October 16, 2016, when the policy went into effect for Noel.

Nonetheless, the July Letter specifically states that administering immunizations was *not* an essential function of Noel's job, and Noel has specifically alleged that his job description was not altered after his receipt of this letter.

---

[2] Noel has arguably forfeited any challenge to the district court's consideration of the November Job Description by failing to address it adequately in his brief. In any event, avoiding impermissibly drawing inferences in favor of the moving party, Walmart, we note the November Job Description speaks only to Walmart's view of administering immunizations *after* Noel's allegedly wrongful discharge and thus is not controlling as to whether Walmart considered giving shots an essential function of Noel's job when he was discharged.

7

According to Noel, this is sufficient to demonstrate, at the pleading stage, both that administering immunizations was not an essential function of his job and that no condition subsequent was met that would allow Walmart to revisit its grant of an accommodation.

We agree. Although a district court may discredit a complaint's allegations where attached documentary evidence belies the allegations in the complaint, there is no such contradiction here. *See L-7 Designs, Inc.*, 647 F.3d at 422 (on review of a Rule 12(c) motion, all facts from complaint are assumed true, "unless contradicted by more specific allegations or documentary evidence—from the [c]omplaint and from the exhibits attached thereto"). The only way to arrive at the conclusion reached by the district court—that it was established as a matter of law that administering immunizations was an essential function of Noel's job—is to both discredit Noel's well-pleaded allegation and discount Walmart's own July statement. This a court may not do on a motion to dismiss. At least at this stage of the litigation, the district court erred by concluding, as a matter of law, that administering immunizations was an essential function of Noel's job.

We do, however, affirm the district court's dismissal of Noel's common-law claims on the following grounds. *See, e.g.*, *Wells Fargo Advisors, LLC v. Sappington*, 884 F.3d 392, 396 n.2 (2d Cir. 2018) ("We are free to affirm on any ground that finds support in the record, even if it was not the ground upon which the trial court relied." (internal quotation marks and alteration omitted)). Noel provides no authority for the proposition that the grant of a VFEPA accommodation is sufficient to modify the

8

terms of an at-will employment contract. *Cf. Ross v. Times Mirror, Inc.*, 665 A.2d 580, 584 (Vt. 1995) (discussing how employment handbooks or other policies may alter the terms of employment where "the employer chooses, presumably in its own interest, to create an environment in which the employee believes that, whatever the personnel policies and practices, they are established and official at any given time, purport to be fair, and are applied consistently and uniformly to each employee," such that the employer has "created a situation instinct with an obligation" (internal quotation marks omitted)). His only alleged "detrimental reliance" for his promissory-estoppel claim—his participation in Walmart's reasonable-accommodation process—necessarily predated the alleged promise of an accommodation. And he failed to allege facts from which it could be plausibly inferred that Walmart's rescinding of the accommodation was "cruel or shocking to the average [person's] conception of justice," as required to sustain his public-policy claim. *See Adams v. Green Mountain R.R. Co.*, 862 A.2d 233, 235 (Vt. 2004) (internal quotation marks omitted).

We have considered Noel's remaining arguments and find them to be without merit. The judgment of the district court is **AFFIRMED** in part and **VACATED** in part, and the case is **REMANDED** for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court